Next is Dove v. Bayer Healthcare. Counsel? Thank you, Your Honor. My name is Charles Stephen Ralston, and I'm counsel for the plaintiff appellant, Dwight Dove, in this case. The issue in this case, and in the case immediately follows, is whether the district court properly granted summary judgment on Mr. Dove's claim. Counsel, let me tell you my problems. Okay. Sure. It looks like what the judge said, it looks like there's no evidence to establish a genuine issue on whether he was qualified or on whether not hiring him was a pretext. Basically, he has a beef because his boss hired a guy he was friends with instead of hiring Dove, but that's not actionable. It has to be race discrimination. And the judge says no prima facie, and it looks like he's got a point on that because Dove scored a zero on the oral exam, and he had very little training in this heating, ventilation, and air conditioning for the clean room at a lab where it really matters. They make a clotting suggest no pretext, and he doesn't show that anyone else got the job who was not black and also got a zero on the exam. Well, Your Honor, the issue in the case is really what, as a matter of fact, were the qualifications. And that's what really the dispute is. Because the evidence shows, number one, the background evidence of the hiring practices in this department or the long history, substantial history of African-Americans with the one exception of Mr. Jones, who, as set out in this case, had a lot of problems, had to basically fight his way in shortly before the events that took place with Mr. Dove. Back up just a second. You said the issue was what are the qualifications? Where should I look in the excerpts to see what they are? That's the only, in the excerpts, there is Mr., the selecting official, Mr. Smith's testimony, and then the, what was posted for the position. And Mr. Smith's declaration is at ER 22, and then there's also, he refers the attached exhibits of what was posted, which is also part, was part of the excerpts. And that can be found at ER 027. ER 22 and 27. Now. Okay. Declaration of Smith. Now, the issue is, shortly before this job was posted, Mr. Higgins, who was white, was hired into a HVAC mechanic B position. He was a co-worker of Mr. Dove in, basically at the same job as Mr. Dove. His resume. Let me back up a second to the citations you just gave me. Yes. The boss here, Smith, says he couldn't hire a person that didn't have work experience or at least understand fundamental heating, ventilation, and air conditioning principles. Well, there's no evidence that Mr. Higgins, who he had hired two months before, and was or qualifications were either. Is there any evidence that Higgins did not meet this standard? There's no evidence as to what standard was even applied to Mr. Higgins. Mr. Jones, in his declaration, states that when he was working, he was already working in HVAC when Mr. Higgins was hired. He's, in his declaration, he states that he never saw a job posting for, a position posted for, before Mr. Higgins was hired. He testified that he worked with Mr. Higgins after Mr. Higgins was hired, and that Mr. Higgins, in fact, acknowledged to, I believe it was Mr. Dove, that he did not have a background in HVAC. And Mr. Jones, in his declaration, which is found beginning at ER 187, that Mr. Higgins, in fact, did not have experience in HVAC. Mr. Jones, in fact, had to spend time working with Mr. Higgins. Mr. Higgins was hired into a B position, which is the same position that Mr. Dove was applying for two months later. In fact, Mr. Dove applied for that position because he saw Mr. Higgins, who had no more experience, or certainly not at, not at Bayer, and look at his resume, no more experience prior to Bayer, than Mr. Dove. Was he, was he competing against somebody like Mr. Jewell? Mr. Higgins, no. But neither was Mr. Dove. Mr. Dove was turned down. Under their process, they're supposed to first consider internal applicants. Mr. Jewell did not apply until after Mr. Dove was turned down. Mr. Dove never really competed head-on with Jewell. And there's really no question that Mr. Jewell was well-qualified for the position. The question is... And our problem really is, counsel, that we really don't know the circumstances under which Mr. Higgins was hired. We don't know what happened. We don't know what the applicant pool was. We don't know why he got the job. We can look at what Mr. Jones says, but he doesn't know anything about it either, because I looked at the record. I tried to find out what he said. So in order for me to suggest that your client has the similarly situated situation as Mr. Higgins, it's not in the record. Because I don't have all that in the record. Well, what you do have in the record is Mr. Higgins' resume when he applied for work originally at Bayer. That starts at ER 205. There is nothing in that resume that shows any background at HVAC. Mr. Dove had some time before, but he had taken courses in HVAC. It was years before. Well, we don't know what Mr. Higgins would have scored on the technical questions. We don't even know if he was given. Well, then it's hard for us then to say it's similarly situated. My worry is this. I have in this record an education certificate which had not applied in 17 years of work experience. He had two classes at the university, which was not in what Bayer really wanted. He scored zero on all the technical questions. He would have been a burden to train. And another guy, Sean Gibson, was not hired at the same time. He was a similarly situated individual, not treated more favorably than your client. And so at this point, I'm set with this situation, and you want me to look back. But you don't want to give me all the situation to look at so that I can see if it is really number four. I can find, I mean, my worry is you've got to provide a prima facie case. And the prima facie case, which the judge said you didn't meet number two and you didn't meet number four. And so therefore, based on what I've got, I've got to find out if there's anything in this record which would show me opposite. Well, the other thing that's in the record which the court discounted was the history of HVAC and its hiring policies, and the fact that it basically was all one. But frankly, you're now skipping to the second issue, which is pretext. You're not talking about prima facie. I'm talking about the prima facie case. Not considering anything about what they do, your client has to establish a prima facie case. Then I go to what does the company say? And I go back and say, is it a pretext? But the history can also be used to show a prima facie case. What's it going to show? Which part of those, what is it going to show? Which one of these elements in the prima facie case is the history going to help me with? Not that he's a protected class, that's shown without. Not that he applied for a qualified position, not that he suffered adverse employment, not that similar situated individual not protected in the class, unless I've got the record there. And I see Sean Gibson equally qualified, not treated as favorably as him, and that's where the district court went. Well, all I can say, your honor, is that the central issue was what were the qualifications. And our position is that if they hired two months before a white candidate, Mr. Higgins, who under this record did not have any better qualifications than Mr. Dove, and hired him in basically the same position, then that is enough to show that the qualifications. You've got all the circumstances, I would say yes, but you don't. I mean, there's even record evidence in this record that Mr. Higgins and Mr. Smith were best friends, and the only reason he got it is because he was his friend. He wouldn't have got it otherwise. Now that has nothing to do with discrimination. Well, it does show that these alleged qualifications Mr. Dove didn't allegedly meet didn't exist. Well, it's a couple months before that. Maybe, I mean, for all we know, Smith got balled out for hiring somebody who was a buddy and didn't know anything, and they told him that's bad HR, you have to have something objective. And then he came up with what he says in his declaration for this hire, which is the hire that matters. Did he discriminate in this hire? Because Dove didn't apply for the position Higgins got. That's not the litigation. So in this hire, he says department needed a person with substantial work experience, I could not hire a person that did not have work experience, or at least understand fundamental HVAC principles. He formulated a posting, he developed a list of ten standard questions, asked each candidate the same ten questions. Now, he may not have done that with Higgins, and it may have been unfair, and it may have been discrimination on the basis of friendship, but Title VII doesn't speak to discrimination on the basis of friendship or hiring a coach you like. It speaks to race discrimination, and I've got to look at this hire and see if there's race discrimination. And where you've got just the old education and zero points on the exam and no apparent understanding, even if previously they were just hiring buddies, I don't understand where that shows he's qualified now that they're getting serious. Suppose that, to accept your view that a primary case had been established, how do you get beyond the next two steps? Surely there was a reasonable basis for making this decision, and it wasn't a pretext. Well, then you certainly get to the history of this department, which basically, from which a jury could infer that they used any reason they could come up with not to hire an African American. But when you look at what the qualifications were, and he had none of them, and really no indication that I can see that it was a pretext. They were putting forth those qualifications, and they hired somebody that did have all the qualifications. I have a hard time getting by the second two stages. Well, Your Honor, all I can say is that the entire sequence of events, from the failure to hire Mr. Jones as African American, the fact that he had to literally fight his way into the department, the problems he had once he was in the department, the hiring of Mr. Higgins as Mr. Jones states in his declaration, other whites. Then Mr. Dove applies, and then they come up, oh, now we have this great system. Talk about pretext, though. Let's assume for purposes of argument that they used to just hire white guys they were friends with. Let's just assume that for purposes of discussion. Still, in this hire, which is the one that's litigated, as far as I can tell, it's not contradicted that Smith turned down another white guy who was just like Dove. He didn't have good competencies on the ten questions, and his technical certification, he had a technical certification from his school, but it wasn't that great, and then he hired this fellow Jewell, 15 years of heating, ventilation and air conditioning experience and an almost perfect score on the question. So even if they did used to just hire white guys they were friends with, what's to show that not hiring Dove was a pretext in this hire? Again, what would show it was the history of the department, and particularly the history surrounding Mr. Jones. And his attempts to get in, and the fact that when Mr. Jones applied he was not put in the position a white was, he grieved that, and because of seniority he was able to get the position, and then ran into all sorts of troubles afterwards. Given that history, could a jury infer that given the situation between wanting to hire a white and having Mr. Gibson and Mr. Dove, if they had gone to Mr. Gibson, they would have been able to get the position. They would have had the same problem as they had when they tried not to hire Mr. Jones, so they just scrapped the whole thing, kept the process open, and finally did get a highly qualified person. Thank you. Thank you, counsel. Good morning. Let me just, if I could, address a couple of the points that Mr. Ralston made. With respect to the issue of the standards, as Mr. Ralston pointed out, and as the court has observed, the standards are identified in the record, both in Mr. Smith's declaration at 21 through 22, and the posted job description at 27 through 37. That establishes the baseline for determining qualifications in this instance, and in this instance, which is before the court, of course, there's no indication that Mr. Smith is qualified for the job description. There's no indication that there was any deviation from those standards. Mr. Dove met, frankly, met none of the standards. He was determined as unqualified by the hiring manager, Mr. Smith. There's an internal documentation, which is in the record at ER 18, which identifies all of the candidates that were interviewed by Mr. Smith. Each of the candidates, other than the successful candidate, were interviewed based upon some training and or experience in the field, and none of them, including, as the court pointed out, including Mr. Gibson, was determined to be qualified. Each of them was therefore excluded, and Mr. Jewell was the successful candidate. Mr. Jewell, unlike Mr. Dove, had 15 years of field experience, met all of the qualifications for the position, and was qualified for the position. So, frankly, the inquiry need go no further than that. He doesn't establish the initial element of the prima facie case, wasn't qualified for the position. With regards to are there any comparators that Mr. Dove can identify, he relies on one instance, which is Mr. Higgins. Mr. Higgins was not selected for a position by Mr. Smith. Directing the court to the record at 285 through 288, Mr. Roberts was the hiring supervisor at the time that Mr. Higgins was hired, not Mr. Smith. So you have an apples and oranges comparison. In addition, Mr. Dove was the organization. It was the organization, correct, but we don't have the job posting, we don't know what the standards were, we don't have any evidence in the record as to the composition of the position. Of the HVAC, sorry, HVAC department at the time. Even Mr. Dove acknowledges in his own declaration at 193 paragraph 5, Mr. Smith told him he was looking for a senior man in terms of the senior person in terms of this hire. It was also, if the court takes notice at 27 through 37, it was posted at the A slash B level. This gave Smith the agility to hire either at the A level, which is the most senior, or the B level, which is one level down. He actually hired Jewell at the A level, which is the highest level. So essentially what he was looking for was a senior person to replace Jim Rowe, who had left the department. They interviewed a number of candidates, including Mr. Dove. They ruled out those that weren't qualified on paper, and Jewell was a successful candidate. There's nothing within the hiring decision that would call into question in the slightest way the justification document, again at ER 18, that would call into question the legitimacy of that hiring decision. I think that's right with regard to that. But opposing counsel says it's mighty strange that two months before they hired a white person without looking at any of those qualifications. We don't know that. Opposing counsel says that, but there's nothing in the record to say that. The only thing in the record is Higgins' initial job application from 1999. So we don't know what Higgins did once on the job. And even if you look at nothing further than that, you see that Higgins had 14 years in the construction industry. The job description at 27 and 28 talks about having a familiarity with the trades. Higgins had that. He had worked in the electrical field, he had worked in the mechanical field. So you had a guy, Higgins, who had some industry experience in construction. And again, the record is silent as to what he did from 99 to 2001. So we can't, how can we determine he's similarly situated to Dove when we don't know what he did for those two years while on the job, and we also don't know what the needs of the department were when Higgins was hired two months ago and what they were when Dove was hired. So even if you somehow get beyond all that and decide that there is a prima facie case established or you're not going to hold the plaintiff to establishing one, on the ultimate issue of discrimination, of course, all the burdens drop by the wayside, and plaintiff is left with the burden of persuading the fact finder that he was disqualified and not hired for the job, and, in fact, Mr. Jewell was hired for the job because of race. If you looked at nothing other than their credentials, the fact that Mr. Jewell actually owned and operated an HVAC repair business for 15 or 10 years, rather, had 15 years field experience, flawlessly performed in the oral examination, Mr. Dove had zero work experience, zero field experience, didn't get a single question right in the technical exam, and hadn't worked in the field at all. 17 years earlier, he had taken some classes at a community college and obviously never pursued the position. So even if you somehow leap past the prima facie burden, there simply isn't competent evidence that would allow you to pursue the position. It's up to the plaintiff to prevail on the ultimate issue. Thank you, counsel. Thank you. Dove v. Behr is submitted. Unless either of you want to hear more. Well, you're five minutes over time, and that's why I said that. If either of my colleagues want to hear a rebuttal, though. We gave you five minutes extra on the case. Next is Woods v. Behr.
judges: Hug, Kleinfeld, Smith